

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28755992**
**Date Processed: 03/19/2024**

| | |
|---|---|
| **Primary Contact:** | Carmen Berumen<br>Select Portfolio Servicing, Inc.<br>3217 Decker Lake Dr<br>West Valley City, UT 84119-3284 |
| **Electronic copy provided to:** | Tammy Belt<br>Gina Tolman<br>Service Process<br>Michael Burke |
| **Entity:** | Select Portfolio Servicing, Inc.<br>Entity ID Number 1752761 |
| **Entity Served:** | Select Portfolio Servicing Inc |
| **Title of Action:** | Royal Whitaker, III vs. Select Portfolio Servicing, Inc. |
| **Matter Name/ID:** | Royal Whitaker, III vs. Select Portfolio Servicing, Inc. (15445287) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Property |
| **Court/Agency:** | Johnson County District Court, KS |
| **Case/Reference No:** | 24CV00870 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 03/18/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Sloan, Eisenbarth, Glassman, Mcentire & Jarboe, L.L. C.<br>785-842-6311 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT 1**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

ROYAL WHITAKER III

        Plaintiff

vs

SELECT PORTFOLIO SERVICING INC
        Defendant

Case No: 24CV00870
Division:  6
K.S.A. Chapter 60

## SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

    Name:    TAI J VOKINS
    Address: 831 MASSACHUSETTS, STE B
                LAWRENCE, KS 66044
    Phone:   (785) 842-6311

Within 21 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



/s/ Jennie Leach
Clerk of the District Court

Dated:  February 21, 2024

Johnson County Court House, 150 W. Santa Fe St., Olathe, KS 66061

*Clerk of the District Court, Johnson County Kansas*
*2/21/2024 15:24:16 ST*

24CV00870
Div6

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISON

ROYAL WHITAKER, III and )
SUSAN WHITAKER, )
                                                  )     Case No.
                 Plaintiffs, )     Division
Vs. )
                                                  )
SELECT PORTFOLIO SERVICING, Inc., )
                                                  )
                 Defendant. )

Pursuant to K.S.A. Chapter 60

**PETITION FOR DECLARATORY AND OTHER RELIEF**

COME NOW, Plaintiffs Royal Whitaker III and Susan Whitaker ("Plaintiffs") through counsel, Tai J. Vokins of the law firm of Sloan, Eisenbarth, Glassman, McEntire and Jarboe, LLC, and for their Petition for Declaratory and Other Relief, state the following:

**I.    Parties**

1. Royal Whitaker III and Susan Whitaker are husband and wife, and both reside in Johnson County, Kansas.

2. Select Portfolio Servicing, Inc. ("Defendant") is a foreign for-profit corporation registered with the Kansas Secretary of State. Defendant can be served through its registered agent: Corporation Service Company, 1100 Wanamaker Rd., Suite 103, Topeka, KS 66604.

3. Venue and Jurisdiction are appropriate in this Court in this court pursuant to K.S.A. Chapter 60.

**II.    Facts**

4. All of the foregoing paragraphs are incorporated by reference.

*Clerk of the District Court, Johnson County Kansas*
*02/20/24  11:46am HNS*

4. On or about July 22, 2003, Royal Whitaker III and Susan Whitaker, husband and wife, refinanced their home loan, which was secured by a mortgage. Prior to this date, their home loan was with Countrywide Home Loans.

5. At the time of refinancing, Royal Whitaker III executed a document titled "Loan Repayment and Security Agreement" ("Loan Agreement"), naming Household Finance Corporation III as the lender and Mr. Whitaker as the borrower.

6. Susan Whitaker did not sign the Loan Agreement.

7. The Loan Agreement specifies that the principal balance owed on the loan was $308,346.43 after adding "points," with interest accruing at a "contract rate" of 7.970% per annum.

8. The refinancing terms required "monthly installment" payments of $2,256.10 over a 360-month loan period.

9. The Loan Agreement also stipulates that starting from the 13th month, following "every twelve (12) consecutive month period where all payments were made in full within 30 days of their due date," the interest rate would adjust downward, reducing the "contract rate" by .25%, up to 12 times.

10. The Loan Agreement states that it is governed by the Kansas Uniform Consumer Credit Code, Sections 16a-101 to 16a-9-102, specifically at the rate authorized by K.S.A. 16a-2-401.

11. Concurrently with the refinancing, Royal Whitaker III and Susan Whitaker executed a mortgage securing the real property located at 9850 Stevenson in Lenexa, Kansas, in the amount of $308,436.43 (the "Mortgage").

12. The Mortgage was later recorded with the Johnson County, Kansas Register of Deeds.

13. The Mortgage served as the senior most mortgage or lien on the property.

14. No escrow agreement is associated with the Loan Agreement.

15. It is believed that at the time of refinancing, the property's value was approximately $280,000.00; thus, the amount loaned under the Loan Agreement exceeded 100% of the property's value at that time.

16. The language found in the Loan Agreement indicates that it accrues as a scheduled mortgage loan, which is a fully amortizing constant payment mortgage requiring a level or equal payment that only changes if the interest rate changes.

17. Specifically, the Loan Agreement and any loan modifications calculate and refer to monthly payments, it sets a repayment term period of 360 months, mandates payments to be due on the same day each month, frequently mentions installment payments, such as referencing the "first installment" as $2,256.10 and the "monthly installment" as $2,256.10, and twice on the second page, it states: "for any past due amounts, payments will be applied first to the most delinquent *monthly installment...* until all past due *monthly installment payments* are paid in full."

18. It is believed that interest did not accrue as a scheduled installment loan but rather as a negatively amortized daily accrual loan from July 22, 2003, through an unspecified date, until it was accrued as a scheduled mortgage loan.

19. Since its origination, the Loan Agreement was transferred to Caliber Home Loans, and later to Defendant Select Portfolio Servicing, Inc.

20. At some point during Caliber Home Loans' servicing, the Whitakers were alleged to be in default and faced imminent foreclosure.

21. Caliber Home Loans proposed a modification that increased the principal balance to account for $11,100.86 in "unpaid interest" and $45,735.00 in "other unpaid amounts," resulting in a "deferred amount" of $56,835.86 ("Deferred Amount").

22. At that time, the Whitakers questioned the accuracy of the unpaid interest and "other unpaid amounts."

23. As a result, the modification was signed subject to an addendum signed by Royal Whitaker

24. Specifically, on August 25, 2014, under significant financial duress, Royal Whitaker signed the modification to avoid losing their home to foreclosure, but added "see attached addendum" beneath his signature, and sent the modification with the addendum to Caliber Home Loans.

25. Caliber Home Loans received the modification with the attached addendum and signed the modification on August 27, 2014, without objecting to the addendum.

26. The attached addendum, among other things, stipulates that the amount due according to the modification agreement should be validated by the lender through clear and concise calculations demonstrating how Caliber arrived at that dollar amount.

27. Another condition in the addendum is that if the amount stated in the modification agreement was calculated in error, then Whitaker would not be indebted for the amount shown on the modification agreement.

28. Over time, the monthly billing statements sent to the Whitakers inconsistently accounted for any deferred amounts, sometimes labeling that amount as "deferred principal" or using other terms, leading the Whitakers to request accountings as outlined in the addendum, yet they have never received a satisfactory explanation or accounting for that amount.

29. For instance, in January 2016, in response to a request for an accounting of the Deferred Amount, the Defendant vaguely claimed that the "modification exemplifies there is a deferred amount of $56,835.86 due at the July 26, 2033, maturity date of the loan" and that this amount "consists of amounts due under the terms of the Loan Repayment and Security Agreement and

Loan Documents" and states that the Deferred Amount "may include unpaid interest due, outstanding servicer fees or charges, and advances made by the servicer."

30. In July 2016, in response to a request for another accounting of the Deferred Amount, the previous servicer, Caliber Home Loans, referred to the "enclosed Loan Modification Agreement from the previous servicer" in its letter but did not include any such agreement or otherwise provide any accounting for the Deferred Amount.

31. The only documents included in Caliber's response were a cover letter referring to a modification agreement from but not detailing its terms, signed by Household Finance Corporation III, and a transaction record covering only June 2014 through April 2015.

32. Upon information and belief, the Deferred Amount is either imposed due to a total accounting error, represents improperly placed fees or charges (e.g., late charges or finance charges), is a result improper accrual of interest and incorrect amortization of the loan payments at some point during the servicing of the loan, or for some other reason.

33. Currently, the monthly mortgage statements sent to Royal Whitaker by Defendant Select Portfolio Servicing, Inc. claim the Deferred Amount outstanding is $56,835.86.

34. The Deferred Amount of $56,835.86 is considered a balloon payment by law.

35. It is believed that, after accounting for all interest and payments, the Deferred Amount/balloon payment of $56,835.86 is likely previous negative amortization of the loan or represents improper imposition and collection of finance charges or other charges.

36. The underlying loan is not delinquent.

*Clerk of the District Court, Johnson County Kansas*
*02/20/24  11:46am HNS*

COUNT I

**PROHIBTED LOAN PRACTICES PURSUANT TO K.S.A. 16a-9-101** *et seq.*

37. All of the foregoing paragraphs are incorporated by reference.

38. The Loan Agreement (in its original and current form after modification) states it is governed by "the Kansas Uniform Consumer Credit Code, Section 16a-101 [sic] to 16a-9-102."

39. The Loan Agreement is not a purchase-money loan, but rather is a refinance.

40. The Loan Agreement is defined as a "consumer loan" which is "secured by a first mortgage" pursuant to K.S.A. 16a-1-301(17)(b) because the loan-to-value ratio at the time the loan was made exceeds 100%.

41. Consumer loans secured by mortgages on the consumer's principal residence may not provide for negative amortization or a balloon payment pursuant to K.S.A. 16a-3-308a(1).

42. A balloon payment is a payment of more than twice the amount of any other payment.

43. Defendant's claim that a Deferred Amount is due on the Loan Agreement violates K.S.A. 16a-3-308a(1) because it constitutes a balloon payment on a consumer loan as defined by statute.

44. In addition, the Deferred Amount constitutes negative amortization in violation of K.S.A. 16a-3-308a(1).

45. Pursuant to K.S.A. 16a-5-201(3), a consumer is not obligated to pay a charge more than that allowed by the Kansas Uniform Consumer Credit Code and in this case, the Court should find that Plaintiffs are not obligated to pay any such excess charges found to violate the Kansas Uniform Consumer Credit Code.

46. Pursuant to the Kansas Uniform Consumer Credit Code at K.S.A. 16a-5-201(4), if a creditor has contracted for or received an excess charge more than a charge allowed by K.S.A. 16a-1-101 through K.S.A. 16a-9-102, then the consumer may recover a refund plus a penalty of

not less than $100 or more than $1,000.  Plaintiffs request that the Court determine the Deferred Amount is a contract for a charge in excess of a charge allowed and award a refund plus a penalty of $1,000.00 to Plaintiffs.

47. Pursuant to K.S.A. 16a-5-201(8), when a creditor has violated any provision of K.S.A. 16a-1-101 through 16a-9-102, the court shall award to the consumer the costs of the action, and to the consumer's attorneys their reasonable fees.  Plaintiffs request that this Court enter judgment against Defendant for the costs of this action, and to Plaintiffs' attorney, reasonable attorney's fees.

## COUNT II

### DECLARATORY JUDGMENT

48. All of the foregoing paragraphs are incorporated by reference.

49. This Court has the authority to declare the rights, status, or other legal relations whether further relief is, or could be sought, and such declarations have the force and effect of a final judgment pursuant to K.S.A. 60-1701.

49. Given the disputed nature of the Deferred Amount, the Plaintiffs request that this Court, in addition to or as an alternative to judgment on Count I, determine and declare that the Plaintiffs are under no obligation to pay the Deferred Amount for any reason.

50. This includes, but is not limited to, a declaration that the Deferred Amount constitutes an improper balloon payment or excess charge that Plaintiffs are not required to pay pursuant to K.S.A. 16a-5-201(3), a declaration that the Deferred Amount cannot be accounted for or otherwise justified and thus Plaintiffs do not owe the Deferred Amount, or a declaration that the Deferred Amount resulted from an improper negative amortization of the loan, among any other reasons the Court may declare.

51. Due to the inability to account for the Deferred Amount without characterizing the loan as a negatively amortizing loan, the Plaintiffs request that this Court determine and declare that the Loan Agreement, both prior to and following any modifications, be construed as, and was always intended to be, a standard scheduled mortgage loan from its inception to its maturity, and that the payments be calculated pursuant to that accrual or accounting method.

52. Plaintiffs also request that, if this Court deems it appropriate, an accounting be ordered to properly amortize payments on the account.

WHEREFORE, the Plaintiffs request that this Court enter judgment in favor of the Plaintiffs and against the Defendant as follows:

A.  By ordering the Defendant to refund any charges paid in excess of what is or was legally permissible;

B.  To impose a penalty on the Defendant of no less than $100 and no more than $1,000, pursuant to K.S.A. 16a-5-201(4);

C.  A judgment declaring that all or part of the Deferred Amount constitutes either an improper balloon payment or negative amortization of the principal amount, in violation of K.S.A. 16a-3-308a, and that the Plaintiffs are not obligated to pay the Deferred Amount pursuant to K.S.A. 16a-5-201(3);

D.  A judgment declaring the Defendant, along with any successors or assigns, should not be entitled to collect the Deferred Amount;

E.  In addition to, or as an alternative to, other declaratory relief, the Plaintiffs request that the Court declare that the Plaintiffs are not obligated to pay the Deferred Amount for any reason, including but not limited to the reasons set forth in paragraph 50, above;

  F. A judgment in favor of Plaintiff and against Defendant to cover the costs of this action as well as reasonable attorney's fees in accordance with K.S.A. 16a-5-201(8); and,

  G. Any such other relief that the Court finds appropriate.

             Respectfully submitted by,

             *Sloan, Eisenbarth, Glassman, McEntire*
             *& Jarboe, L.L.C.*

             /s/ Tai J. Vokins
             Tai J. Vokins, #23707
             831 Massachusetts, Suite B
             PO Box 766
             Lawrence, KS 66044
             Tel. 785.842.6311
             Fax 785.842.6312
             tvokins@sloanlawfirm.com
             Attorney for Plaintiffs

**CERTIFIED MAIL**

**SLOAN LAW FIRM**
Sloan, Eisenbarth, Glassman,
McEntire & Jarboe, L.L.C.
831 Massachusetts Street, Suite B
P.O. Box 766
Lawrence, Kansas 66044

7013 2250 0000 6471 0600



$9.92
US POSTAGE
FIRST-CLASS
062S0014950470
FROM 66044

ADDRESS SERVICE REQUESTED

**Corporation Service Company**
ATTN: Select Portfolio Servicing, Inc.
1100 SW Wanamaker Road, Suite 103
Topeka, KS 66604